FILED
2014 MAR -7 PM 2:42
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:____

1  Robert F. Brennan, Esq. [S.B. #132449]
   **LAW OFFICES OF ROBERT F. BRENNAN, A P.C.**
2  3150 Montrose Ave.
   La Crescenta, Ca. 91214
3  Phone: 818] 249-5291
   Fax: 818] 249-4329
4  Email: rbrennan@brennanlaw.com

5  Attorney for Plaintiff: Craig Allen Rogers

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG ALLEN ROGERS, an Individual; <br><br> Plaintiff, <br><br> vs. <br><br> EQUIFAX INFORMATION SERVICES LLC, a business, form unknown; J.P. MORGAN CHASE BANK., a business entity; and DOES 1-10, Inclusive, <br><br> Defendants. | Case No.: CV14-01708-JFW(AGRx) <br><br> **COMPLAINT FOR DAMAGES:** <br><br> 1. FAIR CREDIT REPORTING ACT. <br> 2. CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT <br><br> **JURY TRIAL DEMANDED.** |

Plaintiff alleges:

1. Plaintiff CRAIG ALLEN ROGERS ("Plaintiff") is a resident of San Diego County, State of California.

2. Defendants EQUIFAX INFORMATION SERVICES LLC ("EQUIFAX") is a business entity, form unknown, doing business in the State of

---

COMPLAINT FOR DAMAGES

California as a credit bureau which receives negative credit information about consumers and which then publishes such information in credit reports available to its subscribers.

3. Defendant JP MORGAN CHASE NATIONAL (CHASE") is a creditor which, among other activities, reports allegedly delinquent debts to credit bureaus and is a "furnisher" under the Fair Credit Reporting Act.

4. Defendants DOES 1-10 are individuals and business entities, form unknown, doing business in the State of California as credit reporting agencies, debt collection agencies, creditors or other persons or entities which engage in credit reporting and/or debt collection. DOES 1-10, Inclusive, includes individuals or business entities doing business in the State of California as credit reporting agencies, debt collectors and/or creditors who have refused to delete accounts of plaintiff that were procured through identity theft, mixed file or other manner of recording an inaccurate credit account, even after plaintiff has notified them of the false or inaccurate derogatory, and also who have reported such accounts as derogatory credit references to credit reporting agencies.

5. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendants sued herein as Does 1 through 10, inclusive, under the provisions of Section 474 of the California Code of Civil Procedure. Plaintiff is informed and believes and on that basis alleges that Defendants Does 1 through 10, inclusive, are in some manner responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as its agents, servants, employees and/or joint venturers and as set forth in this complaint, and that each of them are legally liable to Plaintiff, as set forth below and herein:

a) Said Officers, directors or managing agents of Defendants personally acted willfully with respect to the matters alleged in this complaint;

COMPLAINT FOR DAMAGES

b) Said officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;

c) Said officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

d) Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendants;

e) Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

f) Said Officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiff. Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharge the said agents, servants, employees and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants. Plaintiffs will seek leave to amend this complaint to set forth the true names and capacities of said fictitiously named Defendants as enumerated above, together with appropriate charging allegations, when learned.

6. Plaintiff is informed and believes, and thereon allege that at all relevant times herein each Defendant, whether actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each other Defendant, and in acting as such within the course, scope and authority of such relationship, took some part in the acts and omissions hereinafter set forth, by reason of which each Defendant is liable to Plaintiff for the relief prayed for in this complaint, and any future amended complaint. Further, Plaintiff alleges that each act alleged herein,

whether by a named Defendants or fictitiously named Defendants or otherwise, was expressly authorized or ratified, as these terms are used in California Civil Code Section 3294(b), by each and every other Defendant herein, whether named or fictitiously named.

## FIRST CAUSE OF ACTION
## [VIOLATION OF THE FAIR CREDIT REPORTING ACT AGAINST EQUIFAX, CHASE DOES 1-10, INCLUSIVE.

7. Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

8. Plaintiff is a consumer as this term is defined by 15 U.S.C. Sec. 1681a(c) of the Fair Credit Reporting Act. All defendants are "furnishers" as defined by 15 U.S.C. 1681s-2 of the Fair Credit Reporting Act, except EQUIFAX, who is a "consumer reporting agencies" as that term is defined in 15 U.S.C. Section 1681a (f).

9. On or about May 2007, Plaintiff received an unsolicited offer from CHASE for a zero percent interest rate credit card on transferred balances for a period of time of over one year. Plaintiff applied for the CHASE card and was approved with a $30,000.00 credit limit, and was issued a credit card with an account ending in 1505.

10. On or about October 26, 2007, Plaintiff received a letter in the mail from CHASE Member Services congratulating him on his move to New York City. Plaintiff immediately called their fraud Prevention Department and advised them that he had not moved to New York, and requested that they freeze his account. The account was cancelled and a new account was opened ending in 4931.

11. On or about February 2008, Plaintiff received a second letter from CHASE, again congratulating him on his move to New York City, this time

---

COMPLAINT FOR DAMAGES

making reference to his replacement card ending in 1505. Again Plaintiff immediately called CHASE's Fraud Prevention Department, and this time told them to freeze all activity on any accounts in his name due to a security breach in progress.

12. On or about March 2008, Plaintiff received correspondence from IndymacBank informing him that his home equity account had been temporarily frozen due to an adverse change in his financial circumstances. This decision was based on a significant reduction in his credit score.

13. After Plaintiff's call advising them to freeze any new activity in his name, and without Plaintiff's knowledge, CHASE apparently issued a third card in his name ending in 2555 that was sent directly to a New York address. CHASE was also sending Plaintiff's monthly statements to the New York address as well.

14. On or about May 3, 2008, Plaintiff received a collection notice by fax from NCO Financial Systems. This statement was addressed to Craig Rogers at 3125 Park Avenue, Apt. 11C, Bronx, NY 10451-4076.

15. On or about September 18, 2008, Plaintiff received correspondence from CHASE's in-house attorney indicating intention to file suit to recover the balance owed on account #...4931, Plaintiff had never missed a payment until CHASE stopped sending him statements (they were being mailed to the New York address).

16. On or about September 26, 2008, Plaintiff sent the first of six letters to CHASE outlining the identity theft issue and the sequence of events that led to the outstanding balance owed on account #...4931. Plaintiff also requested that they investigate his claim and correct the negative credit reporting on his credit profile.

17. On or about October 3, 2008, CHASE filed a law suit against Plaintiff for CHASE account #....4931.

18. On or about October 24, 2008, Plaintiff received correspondence from

CHASE Vice President, Assistant General Counsel Arthur W. Shwachman acknowledging receipt of his letter dated September 26, 2008, expressing sympathy regarding the identity theft and fraud occurring on his account. Mr. Schwachman offered to settle the case in full upon receiving a payment in the amount of $3,342.43. Also, the letter stated upon receipt and clearance of the settlement amount, they would file a dismissal of the lawsuit against him, and would instruct all three major credit reporting agencies to delete this account from his credit profile.

19. On or about December 8, 2008, Plaintiff sent the second (2) of six (6) letters to CHASE outlining the identity theft issue and the sequence of events that led to the outstanding balance owed on account #...4931. Plaintiff also requested that they investigate his claim and correct the negative credit reporting on his credit profile.

20. On or about December 30, 2008, Plaintiff received correspondence from CHASE accepting the terms of Plaintiffs letter dated December 8, 2008, agreeing to remove two of the three CHASE accounts from his credit profile.

21. On or about January 7, 2009, Plaintiff sent the third of six letters to CHASE outlining the identity theft issue and the sequence of events that led to the outstanding balance owed on account #...4931. Plaintiff also requested that they investigate his claim and correct the negative credit reporting on his credit profile.

22. On or about January 29, 2009, Plaintiff received a letter from Mr. Shwachman stating "In consideration of the facts and circumstances regarding account #....4931, our office will reverse the charge off and have your credit report show the account as zero days delinquent. Once the final settlement has been sent to us, contact my office so that we may inform the credit reporting agencies that the account has been settled in full."

23. On or about January 30, 2009, CHASE sued Plaintiff after they had

mutually agreed on a payment plan and to remove the derogatories from Plaintiff's credit profile.

24. On or about February 11, 2009, Plaintiff sent the fourth (4) of six (6) letters to CHASE outlining the identity theft issue and the sequence of events that led to the outstanding balance owed on account #...4931. Plaintiff also requested that they investigate his claim and correct the negative credit reporting on his credit profile.

25. On or about October 13, 2009, Plaintiff received correspondence from CHASE acknowledging receipt of settlement in full on account #...4931 along with a copy of the dismissal sent to the court. . Plaintiff paid the agreed upon sum in full within the time they specified in the agreement that they would not report any derogatory information to the credit bureaus. The agreed upon amount offered to Plaintiff by CHASE was less than he owed them before the identity theft had occurred, and it was Plaintiff's belief that this was CHASE's way of extending good customer service to him in compensation for the damages they caused him in not heeding his warnings of illegal activity on his credit card account. Plaintiff never asked for a balance reduction, and it was never suggested under any context as being a "Charge Off" or Plaintiff would not have accepted the principal reduction. The agreement was in writing forwarded to Plaintiff directly from CHASE's attorney, yet they willfully continued to report the inaccuracies to the credit bureaus for over five years. Plaintiff wrote to dispute the derogatories no less than six times and called numerous times, and in each instance provided them with an abundance of information substantiating his claims.

26. On or about November 23, 2009, Plaintiff sent the fifth of six letters to CHASE outlining the identity theft issue and the sequence of events that led to the outstanding balance owed on account #...4931. Plaintiff also requested that they investigate his claim and correct the negative credit reporting on his credit profile.

27. On or about March 31, 2013, Plaintiff submitted an on-line dispute regarding the CHASE discrepancies.

28. On or about April 22, 2013, Plaintiff received a response from EQUIFAX regarding his CHASE dispute. The response was that EQUIFAX verified that the account belonged to Plaintiff.

29. On or about June 24, 2013, Plaintiff sent a dispute letter to EQUIFAX regarding the CHASE identity theft issue.

30. On or about July 19, 2013, Plaintiff received correspondence from CHASE indicating that based on an agreement made with Attorney, Arthur Shwachman, the status which reflected that CHASE account #....4931 had been taken as a loss to the bank was removed. This letter stated that CHASE provided updated information to the credit-reporting agencies to amend their records and delete the account from his credit profile.

31. On or about June 23, 2013, Plaintiff sent the sixth letter to CHASE outlining the identity theft issue and the sequence of events that led to the outstanding balance owed on account #...4931. Plaintiff also requested that they investigate his claim and correct the negative credit reporting on his credit profile.

32. On or about September 16, 2013, Plaintiff received correspondence from DLJ Financial advising him that he was declined for a refinance through LP, Freddie Mac's underwriting system because of too many disputed accounts on his credit profile.

33. On or about November 23, 1013, Plaintiff discovered that EQUIFAX was reporting CHASE account #...4931 as "Paid in Collection" and "Account Paid For Less Than Full Balance" under the Derogatory Accounts heading.

34. On or about January 24, 2014, Plaintiff discovered that EQUIFAX was still reporting CHASE account #...4931 as: Condition: derogatory, Status: Collection/Charge-off, Remarks: Settlement accepted on this account.

35. On or about September 26, 2008, December 8, 2008, January 7, 2009, February 11, 2009, November 23, 2009, and June 28, 2013, Plaintiff submitted correspondence to CHASE requesting that they investigate his claim and correct the negative credit reporting on his credit profile.

36. Plaintiff complied with all requests of each of the Defendants to provide information in order to have the erroneous marks removed from his credit reports. Despite the insistence of Plaintiff, the Defendants, and each of them, failed to correct the errors and failed to undertake sufficient investigations upon being notified of the errors.

37. Within the past several years, Defendants, and each of them, willfully violated the provisions of the Fair Credit Reporting Act in *at least* the following respects:

  a. By willfully and negligently failing, in the preparation of the consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

  b. By willfully and negligently failing to correct, after receiving ample notice, information about the Plaintiff which defendants knew, or should have known, was incomplete and/or inaccurate;

  c. By willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's file after conducting an investigation;

  d. By willfully and negligently failing to conduct an adequate investigation of Plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known, to the defendants;

  e. By willfully and negligently failing to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof;

f. By willfully and negligently changing account numbers and account number designations so as to make reinvestigation and deletion more difficult for the consumer, but in turn more lucrative for bureaus and furnishers because derogatory account information will remain on credit reports longer;

g. By willfully and negligently failing to provide notice to Plaintiff of the furnishing of negative credit information to credit reporting agencies,

h. By willfully and negligently failing to place a fraud alert on plaintiff's credit files, as required by 15 U.S.C. Section 1681c-1;

i. By willfully and negligently failing to put a block on the identity theft account or accounts, as required by 15 U.S.C. Section 1681s-2; and,

j. By willfully and negligently failing to provide such information to the credit bureaus indicating the full nature, reasons and extent of Plaintiff's dispute, and thus causing the credit report to the credit bureaus to be inaccurate and incomplete.

38. As a proximate result of the actions of the Defendants, and each of them, Plaintiff has been damaged in an amount which will be proven at time of trial. As provided under the cited law, Plaintiff is entitled to actual damages, pain and suffering, punitive damages, penalties, costs and attorney fees.

39. Plaintiff alleges that defendants, and each of them, have willfully violated FCRA with respect to Plaintiff and towards others similarly situated. Specifically, defendants deliberately have inefficient procedures for correcting their credit files, because they know that a certain number of consumers will either be intimidated or too frustrated to continuously fight back against the constant onslaught of collection activities for invalid debts. Defendants, and each of them, know that a certain number of consumers would rather pay than fight, even if the debt is not actually owed. These defendants know that their systems intimidate consumers so they'll pay debts even if not valid or not completely valid. These

facts were not disclosed to the Plaintiff and are not disclosed to the borrowing public at large.

## SECOND CAUSE OF ACTION
## [VIOLATION OF CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
## AGAINST CHASE AND DOES 1-10, INCLUSIVE.]

40. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

41. In committing the false credit reporting and in continuing to falsely credit-report plaintiff after notice from him and from the credit bureaus, defendants CHASE and DOES 1-10, Inclusive, have violated Cal. Civ. Code Section 1785.25 (a).

42. As a consequence of these violations, Plaintiff has suffered both general and special damages according to proof, as well as punitive damages under the CCRAA statute, attorney's fees and costs.

WHEREFORE, Plaintiff prays for judgment as follows:
1. For general and special damages according to proof at trial;
2. For statutory penalties for each separate statutory violation where allowed by statute;
3. For punitive damages against defendants according to proof at trial and using the applicable punitive damages standards from the involved statutes;
4. For attorney's fees where authorized by statute or law;
5. For costs of suit;
6. For such other relief as the court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL.**

Dated: March 5, 2014

LAW OFFICES OF ROBER F. BRENNAN, A P.C.

By: _____
Robert F. Brennan
Attorney for Craig Allen Rogers

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge __John F. Walter__ and the assigned Magistrate Judge is __Alicia G. Rosenberg__.

The case number on all documents filed with the Court should read as follows:

### 2:14-cv-01708-JFW(AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

March 7, 2014                              By   APEDRO
Date                                            Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| [x] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (08/13)                NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Craig Allen Rogers, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | 2:14-cv-01708-JFW(AGRx) |
| v. | |
| Equifax Information Services LLC, et al., | NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM |
| DEFENDANT(S) | |

**NOTICE TO PARTIES:**

It is the policy of this Court to encourage settlement of civil litigation when such is in the best interest of the parties. The Court favors any reasonable means, including alternative dispute resolution (ADR), to accomplish this goal. *See* Civil L.R. 16-15. Unless exempted by the trial judge, parties in all civil cases must participate in an ADR process before trial. *See* Civil L.R. 16-15.1.

The district judge to whom the above-referenced case has been assigned is participating in an ADR Program that presumptively directs this case to either the Court Mediation Panel or to private mediation. *See* General Order No. 11-10, §5. For more information about the Mediation Panel, visit the Court website, www.cacd.uscourts.gov, under "ADR."

Pursuant to Civil L.R. 26-1(c), counsel are directed to furnish and discuss with their clients the attached ADR Notice To Parties *before* the conference of the parties mandated by Fed.R.Civ.P. 26(f). Based upon the consultation with their clients and discussion with opposing counsel, counsel must indicate the following in their Joint 26(f) Report: 1) whether the case is best suited for mediation with a neutral from the Court Mediation Panel or private mediation; and 2) when the mediation should occur. *See* Civil L.R. 26-1(c).

At the initial scheduling conference, counsel should be fully prepared to discuss their preference for referral to the Court Mediation Panel or to private mediation and when the mediation should occur. The Court will enter an Order/Referral to ADR at or around the time of the scheduling conference.

Clerk, U. S. District Court

March 7, 2014          By  APEDRO
Date                       Deputy Clerk

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE TO PARTIES: COURT POLICY ON SETTLEMENT AND USE OF ALTERNATIVE DISPUTE RESOLUTION (ADR)
**Counsel are required to furnish and discuss this Notice with their clients.**

Despite the efforts of the courts to achieve a fair, timely and just outcome in all cases, litigation has become an often lengthy and expensive process. For this reason, it is this Court's policy to encourage parties to attempt to settle their disputes, whenever possible, through alternative dispute resolution (ADR).

ADR can reduce both the time it takes to resolve a case and the costs of litigation, which can be substantial. ADR options include mediation, arbitration (binding or non-binding), neutral evaluation (NE), conciliation, mini-trial and fact-finding. ADR can be either Court-directed or privately conducted.

The Court's ADR Program offers mediation through a panel of qualified and impartial attorneys who will encourage the fair, speedy and economic resolution of civil actions. Panel Mediators each have at least ten years of legal experience and are appointed by the Court. They volunteer their preparation time and the first three hours of a mediation session. This is a cost-effective way for parties to explore potential avenues of resolution.

This Court requires that counsel discuss with their clients the ADR options available and instructs them to come prepared to discuss the parties' choice of ADR option (settlement conference before a magistrate judge; Court Mediation Panel; private mediation) at the initial scheduling conference. Counsel are also required to indicate the client's choice of ADR option in advance of that conference. *See* Civil L.R. 26-1(c) and Fed.R.Civ.P. 26(f).

Clients and their counsel should carefully consider the anticipated expense of litigation, the uncertainties as to outcome, the time it will take to get to trial, the time an appeal will take if a decision is appealed, the burdens on a client's time, and the costs and expenses of litigation in relation to the amounts or stakes involved.

With more than 15,000 civil cases filed in the District in 2012, less than 1 percent actually went to trial. Most cases are settled between the parties; voluntarily dismissed; resolved through Court-directed or other forms of ADR; or dismissed by the Court as lacking in merit or for other reasons provided by law.

For more information about the Court's ADR Program, the Mediation Panel, and the profiles of mediators, visit the Court website, www.cacd.uscourts.gov, under "ADR."

Robert F. Brennan SBN 132449
LAW OFFICES OF ROBERT F. BRENNAN AP.C.
3150 Montrose Ave.
La Crescenta CA 91214
Tel: 818-249-5291
Fax: 818-249-4329

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG ALLEN ROGERS, an Individual;<br><br>PLAINTIFF(S)<br>v.<br><br>EQUIFAX INFORMATION SERVICES LLC, a business, form unknown; J.P. MORGAN CHASE BANK., a business entity; and DOES 1-10, Inclusive,<br>DEFENDANT(S). | CASE NUMBER<br><br>**CV14-01708 -JFW(AGRx)**<br><br><br>SUMMONS |

TO: DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Robert F. Brennan_____, whose address is _3150 Montrose Ave. La Crescenta CA 91214_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __MAR - 7 2014__     By: __ANDRES PEDRO__
                                 Deputy Clerk

                                 (Seal of the Court) 1202

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

---

CV-01A (12/07)               SUMMONS

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) <br> CRAIG ALLEN ROGERS, an Individual; | DEFENDANTS <br> EQUIFAX INFORMATION SERVICES LLC, a business, form unknown; J.P. MORGAN CHASE BANK., a business entity; and DOES 1-10, Inclusive, |
|---|---|
| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): <br> San Diego, California | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): <br> Los Angeles, California |
| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br> Robert F. Brennan, Esq. SBN 132449 <br> LAW OFFICES OF ROBERT F. BRENNAN AP.C. <br> 3150 Montrose Ave. <br> La Crescenta, CA 91214  Telephone 818-249-5291 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No        ☒ **MONEY DEMANDED IN COMPLAINT: $** 300,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fair Credit Reporting Act 15 U.S.C. Sec. 1681

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | PERSONAL INJURY | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 310 Airplane | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 362 Personal Injury-Med Malpractice | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 365 Personal Injury-Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | REAL PROPERTY | ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation |  |  | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure |  |  | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment |  |  |  |  | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land |  |  |  |  | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 245 Tort Product Liability |  |  |  |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property |  |  |  |  | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed?  ☒ No  ☐ Yes
If yes, list case number(s):   CV14-01708

FOR OFFICE USE ONLY:    Case Number: _____

CV-71 (07/05)                              CIVIL COVER SHEET                                Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b). RELATED CASES: Have any cases been previously filed that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
San Diego, California

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
EQUIFAX - Georgia
JP MORGAN CHASE - New York

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
Los Angeles County

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date March 6, 2014

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |